Eastern District of Kentucky
FILED
AUG 29 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 04-513-JMH

DONALD CROWE, PETITIONER

V. **PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

COOKIE CREWS, Warden, RESPONDENT

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

On November 13, 2004, petitioner Donald Crowe, pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, concerning his conviction in Clark Circuit Court on July 10, 1997. On January 10, 2005, the Respondent filed her answer to the petition and moved for summary judgment[1] [DE #6]. Petitioner having filed a response to Respondent's motion for summary judgment, this matter is ripe for review.

In accordance with local practice, this matter was referred to the undersigned Magistrate Judge for consideration pursuant to 28 U.S.C. § 636(b). See Rule 10, Rules Governing Section 2254 Cases in the United States District Courts; Fed.R.Civ.P. 72(b).

## II. DISCUSSION

**A.    Standard of Review**

This is a pro se petition, and, as such, the Magistrate Judge is mindful that it is held to less stringent standards than those drafted by attorneys. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The allegations in pro se petitions must be taken as true and construed in favor of the petitioner. See Malone v. Colyer, 710 F.2d 258, 260 (6th Cir. 1983).

---

[1] Along with her motion for summary judgment, the Respondent also filed her Rule 5 attachments, consisting of an Appendix (hereafter "A") of appellate briefs and the appellate decision from the Kentucky Court of Appeals concerning the denial of Petitioner's RCr 11.42 motion. Thereafter, on August 22, 2005, Respondent supplemented her Appendix with the filing of the state court record and videotapes from Petitioner's trial proceedings.

B.  **Prerequisites for federal habeas corpus review**

In order to grant relief in a proceeding pursuant to 28 U.S.C. § 2254, the court must find that certain prerequisites for granting relief are present. If these prerequisites are not met, the court must dismiss the petition without addressing its merits. Specifically, the court must find that: (1) petitioner is in "custody"; (2) petitioner has exhausted the remedies available to him in state court; and (3) petitioner did not waive or forfeit the right to present a particular issue by failing to follow state court rules to ensure that the state courts would review that issue on appeal.

At the time Petitioner filed this action, he was an inmate at the Frankfort Career Development Center in Frankfort, Kentucky. Thus, the first prerequisite is satisfied. In the discussion below, the Magistrate Judge will determine whether the remaining two prerequisites are satisfied.

C.  **Factual and Procedural History**

In 1997, petitioner was indicted by a grand jury in Clark Circuit Court for trafficking in a controlled substance in the first degree, possession of a controlled substance in the first degree, possession of a firearm by a convicted felon, and being a Persistent Felony Offender in the First Degree (PFO I). Initially, petitioner pled not guilty to these charges, and this matter was scheduled for trial; however, on the day of petitioner's trial, he decided to accept a plea offered by the Commonwealth to amended charges and did not proceed to trial. After the court conducted an extensive guilty plea colloquy, the court accepted petitioner's guilty plea to two counts of trafficking and being a PFO I. On July 10, 1997, petitioner was sentenced to two concurrent twenty-year sentences of incarceration.

As petitioner's guilty plea was not a conditional guilty plea, he did not file a direct appeal concerning his conviction and/or sentence. However, on April 14, 1998, petitioner moved to vacate and set aside his judgment and sentence, pursuant go RCr 11.42. On December 13, 2000, the trial court denied portions of petitioner's RCr 11.42 motion and granted petitioner's motion for an evidentiary hearing on other portions of his 11.42 motion. (A159-170). Subsequent to an

2

evidentiary hearing, on July 30, 2001, the trial court denied the remaining portions of petitioner's RCr 11.42 motion. (A232-238).

Petitioner appealed the denial of his RCr 11.42 motion to the Kentucky Court of Appeals. In an unpublished opinion rendered on September 5, 2003, the Kentucky Court of Appeals affirmed the denial of petitioner's RCr 11.42 motion. See Donald Crowe v. Commonwealth of Kentucky, No. 2001-CA-001856-MR; however, this opinion did not become final until August 26, 2004, with the Kentucky Supreme Court's denial of petitioner's motion for discretionary review.

Petitioner filed his federal habeas petition on November 13, 2004.

**D.     Petitioner's claims**

As grounds for the present action, petitioner asserts (1) that his guilty plea was not intelligent because he could not read or write, (2) that his counsel was ineffective in that he failed to move for the withdrawal of counsel for petitioner's co-defendant due to a conflict of interest, and (3) that he received ineffective assistance of appellate counsel.

In response, the respondent submits that the claims raised in the present habeas petition are without merit in that they are refuted by the record and otherwise legally insufficient; therefore, she is entitled to summary judgment.

**Applicable law**

In considering Petitioner's claims, the court is cognizant that the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 prohibits federal courts from granting writs of habeas corpus on claims previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (d)(2).

In *Harris v. Stovall*, 212 F.3d 940 (6th Cir. 2000), the Sixth Circuit recognized that by reason of the Supreme Court's decision in *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495 (2000), issued

3

on April 18, 2000, the standard of review that a federal habeas court must apply under § 2254(d) had been changed and that *Nevers v. Killinger*, 169 F.2d 352 (6th Cir. 1999), had effectively been overruled. Elaborating, the court in *Harris v. Stovall, supra*, explained:

> On April 18, 2000, the Supreme Court issued a decision in *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), setting forth the standard of review that a federal habeas court must apply under § 2254(d). The Court held that a decision of the state court is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* at 1523, 120 S.Ct. 1495. The Court further held that an "unreasonable application" occurs when "the state court identifies the correct legal principle from this Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 1522, 120 S.Ct. 1495.
>
> In this case, the district court referred to our holding in *Harpster*, which simply noted the differing interpretations of § 2254(d) developing in our sister circuits, but found that the standard under § 2254(d) had not been met. See *Harpster*, 128 F.3d at 326-27. Subsequently, in *Nevers v. Killinger*, 169 F.3d 352 (6th Cir.), cert. denied, 527 U.S. 1004, 119 S.Ct. 2340, 144 L.Ed.2d 237 (1999), we found it appropriate to rely on the Fifth Circuit's "debatable among reasonable jurists" standard in *Drinkard v. Johnson*, 97 F.3d 751 (5th Cir.1996), combined with the First Circuit's standard of "so offensive to existing precedent, so devoid of record support, or so arbitrary, as to indicate that it is outside the universe of plausible, credible outcomes," set forth in *O'Brien v. Dubois*, 145 F.3d 16 (1st Cir.1998). *See Nevers*, 169 F.3d at 361-62. Later, we reaffirmed this approach in *Maurino v. Johnson*, 210 F.3d 638, 643-44 (6th Cir.2000). However, the Supreme Court in *Williams* found that the Fourth Circuit's test--that a state court's application of federal law was "unreasonable" only if the court had applied federal law in a manner that reasonable jurists would all agree was unreasonable--was erroneously subjective, as the inquiry should be objective. The Court expressly disavowed the Fifth Circuit's "reasonable jurist" standard set forth in *Drinkard*. In light of the Supreme Court's decision in *Williams*, we find that *Nevers* and *Maurino* no longer correctly state the law on the issue of the appropriate standard under 28 U.S.C. § 2254(d). We must therefore rely solely on the Supreme Court's decision in *Williams* for the appropriate standard under § 2254(d).

*Harris v. Stovall, supra*, 212 F.3d at 942-43.

With this standard in mind, it is necessary to review decisions of the Kentucky Court of Appeals and/or the Kentucky Supreme Court concerning petitioner's RCr 11.42 motion to determine if those respective adjudications:

4

>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (d)(2).

### Discussion/Analysis

**1. Petitioner's guilty plea**

Petitioner contends that his guilty plea was not intelligently made because he could not read or write.

The record reflects that the trial court conducted an extensive oral colloquy with petitioner prior to accepting his guilty plea. (Tape I, 6/23/97, 10:32:00, *et seq.*). In that colloquy, petitioner specifically disavowed that he had been coerced into making the plea, and petitioner acknowledged that in making the plea, he was waiving the right to further appeal. (Tape I, 6/23/97, 10:36:20; 10:39:30; 11:01:05). Petitioner also acknowledged that he believed that his counsel had done everything possible for him in this case, including explanation of his rights, the charges, the facts, evidence against him, work done on the case, and the recommendations by the Commonwealth. (Tape I, 6/23/97, 10:40:00, *et seq.*).

The record also reflects that the trial judge meticulously discussed with petitioner not only the rights he was waiving, but also the nature of the charges and the sentence, and petitioner, after consulting further with counsel, indicated to the court that he had had enough time and was ready to plead. (Tape I, 6/23/97, 10:44:30 - 10:47:00). Only then did the trial court proceed to accept petitioner's guilty plea.

Thus, regardless of whether petitioner could read or write, the record reflects that petitioner's guilty plea was entered knowingly, intelligently, and voluntarily. Even if petitioner is unable to read or write, as he alleges, his guilty plea was entered intelligently. Petitioner made the decision to plead guilty after being fully advised of all relevant facts impacting that decision, including his possible life sentence if he elected to proceed to trial and was found guilty. Consequently, the Magistrate

5

Judge concludes that the present claim that his guilty plea was not intelligently entered is without merit.

2.  **The failure of his counsel to move for the withdrawal of co-defendant's counsel**

Petitioner claims that his counsel was ineffective in that he failed to move for the withdrawal of Jennifer Hall, counsel for petitioner's co-defendant, Carla Hopper, due to a conflict of interest. This claim is based on the fact that Jennifer Hall had represented both petitioner and co-defendant Carla Hopper at a preliminary hearing in this action in state court. Petitioner contends that Ms. Hall's continued representation of co-defendant Carla Hopper violated the limitations placed upon her by SCR 3.130 not to represent another person in this matter without his consent.

The test for proving a claim of ineffective assistance of counsel was established in Strickland v. Washington, 466 U.S. 668 (1984), which adopted a two-part test, requiring a movant to show (1) that counsel's performance fell outside the wide range of professionally competent assistance guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense so seriously that but for the alleged error of counsel, there is a reasonable probability that the result would have been different.

In considering this claim on the appeal of the denial of petitioner's RCr 11.42 motion, the Kentucky Court of Appeals evaluated this claim, as follows:

> Crowe alleges that Hall's prior representation of him during a preliminary hearing was substantial and personal participation in his case and that her later representation of his co-defendant was prejudicial to his interests; and therefore, Bedford's failure to move for her disqualification constituted ineffective assistance of counsel. Despite Crowe's argument we do not believe that Hall's continued representation of Crowe's co-defendant after the preliminary hearing was a violation of SCR 3.130. Hall never took part in any action against Crowe since plea agreement rather than trial resolved Crowe's case. Had the case gone to trial, Crowe's claim may have had merit.
> Moreover, Whitaker, a direct appeal case, does not say that some prior representation warrants automatic disqualification of former counsel. The court instead remanded the issue for an evidentiary hearing to determine the depth to which the attorney/client relationship was established. Further action is warranted only in instances where the relationship was found to have been substantial. See Whitaker, 895 S.W.2d at 956.
> The purpose of RCr 11.42 "is to provide a forum for known grievances, not to provide an opportunity to research for grievances." Gilliam v. Commonwealth, Ky., 652 S.W.2d 856, 858 (1983). In order to prevail, "the movant must aver facts

6

>with sufficient specificity to generate a basis for relief." Lucas v. Commonwealth, Ky., 465 S.W.2d 267, 268 (1971).
>
>Crowe has made a specific complaint in his allegation that counsel was ineffective in failing to move to disqualify his co-defendant's counsel. However, the basis of his claim is that she knew "important issues" from the preliminary hearing that she later used against him. We believe that this statement is simply too vague to provide a basis for relief.
>
>Since Hall did not participate in any action against Crowe and Crowe's motion is non-specific as to Hall's personal and substantial involvement, Crowe has failed to demonstrate a conflict, and no further action is necessary. As a result, Crowe has failed to establish the first prong of the Strickland test, that his counsel's assistance was deficient.

Donald Crowe v. Commonwealth of Kentucky, No. 2001-CA-001856-MR, 9/5/03, unpublished, pp. 7-8 (See Appendix).

Having reviewed this record, the Magistrate Judge concludes that the Kentucky Court of Appeals correctly analyzed petitioner's claim that his counsel was ineffective for not moving to disqualify Jennifer Hall. Had petitioner gone to trial with his co-defendant, petitioner's claim that Jennifer Hall should have been disqualified due to a conflict of interest might have had some merit. However, since petitioner's case was resolved by plea agreement, Jennifer Hall never took part in any action against petitioner. Therefore, petitioner's counsel was not ineffective for not moving to disqualify her.

Thus, petitioner has not established that the review of this claim of ineffective assistance of counsel by the Kentucky courts resulted in a decision (a) that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (b) that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Consequently, the Magistrate Judge concludes that this claim is without merit.

### 3. ineffective assistance of appellate counsel

Petitioner also claims that his counsel on the appeal of the denial of his RCr 11.42 motion was ineffective in that he failed to raise issues on appeal that were contained in the Department of Public Advocacy's supplemental memorandum filed in the trial court concerning petitioner's RCr 11.42 motion.

7

At the outset, it must be noted that this claim of ineffective assistance of appellate counsel has not been presented to the Kentucky state courts. Given the fact that this claim concerns the performance of petitioner's counsel who represented him on the appeal of the denial of his RCr 11.42 motion, it was not possible for this claim to have previously been considered by the Kentucky courts. Furthermore, since there is no entitlement in Kentucky to the appointment of counsel on appeal in a collateral attack, Kentucky does not recognize claims of ineffective assistance of counsel on appeal concerning a collateral attack. Therefore, this claim of ineffective assistance of appellate counsel was raised necessarily in the first instance in the present action.

Petitioner takes issue with the issues his counsel raised on appeal on the denial of his RCr 11.42 motion, asserting that there were additional issues that his counsel could have raised or should have raised in this appeal. However, counsel is not ineffective simply because he does not raise every possible issue on appeal, and petitioner has no constitutional right for his counsel to raise all possible issues on appeal. *Jones v. Barnes*, 463 U.S. 745 (1983). Counsel is simply charged with the responsibility of picking and choosing from among all possible issues and to raise on appeal those issues which, in his or her professional opinion, have the greatest chance of succeeding on appeal. Thus, counsel has discretion in deciding which issues should be raised on appeal, and counsel is not ineffective simply because he did not raise all possible issues.

Based on a review of the state court record and the appellate briefs filed in the Kentucky Court of Appeals concerning the denial of petitioner's RCr 11.42 motion, the Magistrate Judge concludes that petitioner's appellate counsel was not ineffective because he did not raise all of the issues that he possibly could have raised on appeal.

### III. CONCLUSION

For all of the reasons stated above, based on a review of the state court record and the applicable case law relevant to federal habeas corpus petitions, the Magistrate Judge concludes that petitioner's habeas corpus petition should be denied.

Accordingly, **IT IS RECOMMENDED** that Respondent's motion for summary judgment [DE #6] be **GRANTED**, that Petitioner's habeas petition be **DENIED**, and that this action be **DISMISSED** and **STRICKEN** from the docket.

The Clerk of the Court shall forward a copy of this Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Proposed Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. section 636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Rule 8(b)(3), Rules Governing Section 2254 Cases in the United States District Courts; Fed.R.Civ.P. 6(e). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Fed.R.Civ.P. 72(b).

This 29th day of August, 2005.

_____
JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE

9