```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                              LEXINGTON
```

DONALD CROWE,                    )
                                 )
    Petitioner,                  )   Civil Action No. 5:04-513-JMH
                                 )
v.                               )
                                 )              **ORDER**
                                 )
COOKIE CREWS, Warden,            )
                                 )
    Respondent.                  )

                **   **   **   **   **

    This matter is before the Court on the Report and Recommendation of Magistrate Judge James B. Todd [Record No. 10]. Said action was referred to the magistrate for the purpose of reviewing the merit of Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Record No. 1] and Respondent's motion for summary judgment [Record No. 6]. Petitioner filed objections to the Report and Recommendation [Record No. 11] and responded to the motion for summary judgment [Record No. 8]; this matter is now ripe for a decision. The Court will review the matter *de novo*. 28 U.S.C. § 636(b)(1)(C).

    Petitioner is currently serving two concurrent twenty-year sentences for trafficking in a controlled substance in the first degree as enhanced by being a Persistent Felony Offender in the First Degree at the Frankfort Career Development Center in Frankfort, Kentucky. He filed a *pro se* petition for habeas corpus with this Court attacking his conviction.

Petitioner presents the following claims in his petition: (1) his guilty plea was not intelligent because he could not read or write, (2) his counsel was ineffective in that his counsel failed to move for the withdrawal of counsel for Petitioner's co-defendant due to a conflict of interest, and (3) he received ineffective assistance of appellate counsel.

Under 28 U.S.C. § 2254(d), which sets forth the standard of review for habeas petitions, a petition shall not be granted unless the state court decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)-(d)(2).

After reviewing both Magistrate Judge Todd's Report and Recommendation and Petitioner's objections, the Court concurs with Magistrate Judge Todd's finding that Petitioner's arguments lack merit for the reasons stated in the Report and Recommendation.  In reaching his conclusion as to Petitioner's first argument, Magistrate Judge Todd noted that because the extensive oral colloquy conducted by the trial court thoroughly apprised Petitioner of the consequences of pleading guilty, he was able to intelligently enter a guilty plea. Despite Petitioner's claim that during the plea proceedings his counsel misled him by advising Petitioner to file a claim under Rule 11.42 of the Kentucky Rules

of Criminal Procedure, the Court agrees with Magistrate Judge Todd's assessment that Petitioner's guilty plea was entered knowingly, voluntarily, and intelligently.

Petitioner's second claim is similarly without merit. This Court concurs with the conclusion drawn by Magistrate Judge Todd and the Kentucky Court of Appeals that because counsel for Petitioner's co-defendant did not participate in any action against Petitioner and because Petitioner's case was resolved by plea agreement, Petitioner's claim that his counsel failed to move for the withdrawal of counsel for Petitioner's co-defendant does not establish ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984).

Finally, Petitioner argues that his appellate counsel was ineffective because he did not raise certain issues on appeal. As Magistrate Judge Todd noted, it is well-settled law that counsel is not ineffective simply because he does not raise every possible issue on appeal, and Petitioner has no constitutional right for his counsel to raise all possible issues on appeal. *Jones v. Barnes*, 463 U.S. 745 (1983). Petitioner's appellate counsel had discretion in deciding which issues to raise on appeal, and thus, his counsel was not ineffective because he did not raise all possible issues.

Accordingly, **IT IS ORDERED:**

(1) that the Report and Recommendation of the Magistrate Judge be, and the same hereby is, **ACCEPTED;**

(2) that Respondent's motion for summary judgment [Record No. 6] be, and the same hereby is, **GRANTED**;

(3) that Petitioner's petition for a writ of habeas corpus [Record No. 1] be, and the same hereby is, **DENIED**;

(4) that this action be, and the same hereby is, **DISMISSED WITH PREJUDICE**; and

(5) that this action be, and the same hereby is, **STRICKEN FROM THE ACTIVE DOCKET**.

This the 6th day of October, 2005.

Signed By:

*Joseph M. Hood*

United States District Judge